UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ARUN RATTAN,                                    )
                                                )
          Plaintiff,                            )
                                                )
v.                                              )          No. 3:12-CV-224
KNOX COUNTY GENERAL SESSIONS                    )
COURT and KNOX COUNTY                           )
                                                )
          Defendants.                           )

ORDER

## I.      Introduction

This matter is before the Court on Defendants' Motion to Dismiss [Doc. 18.] and the Plaintiff's four motions to amend The Complaint. [Docs. 19, 15, 13 and 10.]

## II.     Jurisdiction

The Court notes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff asserts a claim for violations of several constitutional rights and a claim under 42 U.S. C. §1983 and 1981.

## III.    Statement of the Facts

The Plaintiff, Arun Rattan, filed a complaint against the Knox County General Sessions Court, and Knox County on May 8, 2012. [Doc. 1.] According to the Complaint, the Plaintiff was denied his constitutional rights when he did not receive judicial appointments to represent indigent persons before the General Sessions Court. [Doc. 1. ¶ 1-8.] The Plaintiff asserts that he was denied these appointments because he is "of the East Indian race." *Id* at  ¶ 5. The Plaintiff has four separate suits filed with the Court; all of the suits allege constitutional violation brought *vis*-à-*vis* §1983 and 1981; The Plaintiff seeks damages "up to the amount of $1,000,000." [Doc.

1

1.7.]

## IV. Analysis

### a. Motions to Amend

The Plaintiff's Motions to Amend his Complaint [Docs. 19, 15, 13 and 10.] shall be **GRANTED.** The Court will, for the purposes of this Order, review the Plaintiff's most recent Amended Complaint. [Doc. 25.]

### b. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider

2

only the Amended Complaint, the Motion to Dismiss and the Plaintiff's Response without converting this Motion to Dismiss to a motion for summary judgment.

### c. Judicial Immunity

The Plaintiff is suing the Knox Country General Sessions court pursuant to 42 U.S.C. § 1983 and 1981 for failure to appoint him as a counsel for indigent defendants. Generally, judicial officers are absolutely immune from suit for money damages under § 1983 for their judicial decisions so as to allow them "to make controversial decisions and act upon their convictions without fear of personal liability." *Cooper v. Parrish,* 203 F.3d 937, 944 (6th Cir. 2000) (citing *Stump v. Sparkman,* 435 U.S. 349, 355-56, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978)).

Judges are immune to suit if the action for which they are being sued was a judicial act. *Stump v. Sparkman,* 435 U.S. 349, 355 (1978). The question before the Court, then, is whether the appointment of counsel for indigent persons is a "judicial act." Judges cannot claim absolute immunity for non-judicial actions, i.e., "actions not taken in the judge's judicial capacity," and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 945 (citations omitted). "When determining whether a grant of immunity is proper, we look to the nature of the function at issue and not merely to the identity of the actor or the harm caused." *See Lomaz v. Hennosy,* 151 F.3d 493, 497 (6th Cir. 1998). There are two factors that the Court must consider : First, a court must determine whether an act is related to those general functions that are normally performed by a judicial officer; Second, a court must assess whether the parties expected to deal with the judicial officer in the officer's judicial capacity." *Cooper,* 203 F.3d at 945 (citations omitted).

In this case, the Defendants were not entitled to absolute judicial immunity. "Where the [defendant] acts more as an administrator or investigator…he may claim only qualified

immunity…" *Buckley v. Fitzsimmons,* 509 U.S. 259, 276, 125 L.Ed. 2d 209 (1993). In a case that

closely resembles the present facts, the Sixth Circuit held that

> An examination of Day's actions in this situation makes clear that the defendant was not
> entitled to the protections afforded by the cloak of absolute judicial immunity. It is
> conceivable that the negotiation of contracts with attorneys for the provision of legal
> services to the indigent could be considered "related" to the duty of a judge to appoint
> counsel as needed in family court matters. Nevertheless, there is absolutely no indication
> in this record that any of the affected attorneys did or could consider their dealings with
> Day during the contractual negotiations to constitute an exercise by the defendant of
> adjudicatory authority. At no time during those negotiations did Day pretend to be
> anything other than what he was -- a court administrator performing the administrative
> function of selecting a list of attorneys that the judges themselves could use to appoint
> counsel for those persons before the court requiring legal representation.

*Watts v. Day,* 129 Fed. Appx. 227, 233 (6th Cir. Mich. 2005).

Though absolute immunity does not apply in this case, qualified immunity applies to government

officials performing discretionary functions generally are shielded from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800,

818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

The Sixth Circuit maintains a three-step analysis to determine whether qualified

immunity attaches:

> First, we determine whether, based upon the applicable law, the facts viewed in the light
> most favorable to the plaintiffs show that a constitutional violation has occurred. Second,
> we consider whether the violation involved a clearly established constitutional right of
> which a reasonable person would have known. Third, we determine whether the plaintiff
> has offered sufficient evidence to indicate that what the official allegedly did was
> objectively unreasonable in light of the clearly established constitutional rights.

*Shamaeizadeh v. Cunigan,* 338 F.3d 535, 545-46 (6th Cir. 2003) (quoting *Feathers v. Aey,* 319

F.3d 843, 848 (6th Cir. 2003), and *Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir. 1999) (en

banc)), *cert. denied,* 158 L. Ed. 2d 729, 124 S. Ct. 2159, 541 U.S. 1041 (2004). The Plaintiff

4

asserts that he was denied the judicial appointments due to his ethnic identity. However, the Plaintiff also says that, "In one courtroom, a Judge, another attorney or possibly court staff, stated to the plaintiff that attorneys have files in the courtroom, but the plaintiff was never told by the judge or the secretary to create a file, in order to receive offers about specific cases. Since the plaintiff had spoken to the secretary originally, the implication was that any offers would be verbal." [Doc. 25 ¶ 2.] the Plaintiff also admits that, when he called the clerk's office to learn why he had not yet received an appointment "[the clerk] did not answer [the Plaintiff's] question, but instead asked for [the Plaintiff's] name. The Plaintiff said the he had already given his name to the first person he spoke to." [Doc. 25 ¶ 11.] Considering the above-mentioned facts together, clearly, the Defendants' behavior does not meet the "objectively unreasonable" test element articulated by the Sixth Circuit, and excerpted above, in the case of *Shamaeizadeh v. Cunigan. Shamaeizadeh* 338 F.3d (2003). It appears to the Court that the Plaintiff did not follow the procedure of the General Sessions Court for receiving court appointments, and it is not the General Sessions Court's responsibility to make sure that the Plaintiff understands the procedures; furthermore, when the Plaintiff called the clerk's office, he refused to tell the clerk his name and ended the conversation in an argumentative manner.

The Plaintiff's conclusory allegation that he was denied appointment due to his race is unfounded. The Plaintiff admits in his Amended Complaint that he was proceeding under "the implication….that any offers would be verbal." [Doc. 25 ¶ 2.] The Plaintiff made a poor assumption. And, as mentioned above, when he called the clerk's office, he refused to give his name and struck an argumentative tone. While the Defendants are not shielded by absolute judicial immunity in this matter, the Plaintiff has simply failed to allege a conceivable set of facts that, if taken to be true, would establish that was denied his right to work based upon his ethnic

identity. It is clear to the Court from all four of the § 1983 suits filed in this Court by the Plaintiff, and even more § 1983 cases in the Middle District of Tennessee, that, as in each case, the Plaintiff has acted irresponsibly and with undue aggression, and, as a result, he has suffered career setbacks. The Court will not abide frivolous claims at the expense of the judiciary.

## V.      Conclusion

For the aforementioned reasons, the Court finds that the Plaintiff has not stated a claim upon which relief can be granted. There is simply no basis for this claim to proceed any further. Consequently, the Defendants' Amended Motion to Dismiss [Doc. 18.] is **GRANTED** and the Plaintiff's four Motions to Amend the Complaint [Docs.  19, 15, 13 and 10.] are **GRANTED**. All other motions in this matter shall be **DENIED AS MOOT,** and this case shall be **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

ENTER:

_____s/ Thomas W. Phillips_____

United States District Judge